

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DAVID JORDAN,<br>    PETITIONER, | §<br>§<br>§ | |
| v. | § | CASE NO. EP-12-cr-641-KC |
| UNITED STATES OF AMERICA,<br>            RESPONDENT. | §<br>§<br>§ | |

## PETITION FOR EARLY TERMINATION AND/OR MODIFICATION OF TERM OF SUPERVISED RELEASE

COME NOW, David Jordan (hereinafter referred to as "Petitioner"), pro se, and respectfully request that the Court grant this, his Petition for Early Termination and/or Modification of Term of Supervised Release pursuant to 18 U.S.C. §3583(e)(1), and would show the Court as follows:

### RELEVANT BACKGROUND

The Petitioner was initially convicted and sentenced in the United States District Court in the Western District of Texas for violations of 18 U.S.C. §922 and §924, namely, Felon in Possession of a Firearm. The Petitioner was sentenced to a term of imprisonment consisting of 37 months to be followed by 3 years of supervised release on February 27, 2014.

1

## ISSUE I

WHETHER THE COURT HAS THE INHERENT DISCRETION TO TERMINATE THE PETITIONER'S TERM OF SUPERVISED RELEASE AND/OR MODIFY THE TERM BASED UPON THE FACT THAT THE SUPERVISED RELEASE WOULD INCUR FINANCIAL LIABILITY AND AN UNDUE BURDEN UPON THE UNITED STATE'S PROBATION DEPARTMENT'S ALREADY OVER-LOADED CASELOADS.

---

The Petitioner contends that the District Court's discretionary authority provided by 18 U.S.C. §3583(e)(1) to terminate a term of supervised release applies even if the Petitioner was sentenced to a mandatory term of 3 years or more of supervised release.

Title 18 U.S.C. §3583(e)(1) and the Court's discretionary authority was made part of the original changes in post-conviction supervision brought on by the Sentencing Reform Act. Two years later, when Congress enacted the mandatory term provided by §922 as part of the Anti Drug Abuse Act, §3583(a) was amended to reflect the new mandatory minimum, but Congress said nothing and did nothing about the discretion provided in §3583(e)(1).

The ADAA also amended 18 U.S.C. §3583(a) to include the requirement taht if a court is to impose a sentence of imprisonment, the Court must "include as part of the sentence, a requirement that the defendant be placed on a term of supervised release if such term is required by statute." The ADAA, however, did not amend the Court's discretionary authority to terminate or modify supervised release under §3583(e)(1).

In the mind of Congress, as expressed in the plain meaning of the

statutes.... The Sentencing phase is different than Post-Sentence modification.

Prior to the Congressional amendment of 18 U.S.C. §3583(a) in the ADAA the District Courts had the authority under 18 U.S.C. §3583(e)(1); it also had the additional and separate discretionary authority to terminate a term of supervised release after one year of completion.

When Congress subsequently amended 18 U.S.C. §3583(a) to require the Courts to impose a term of supervised release on a defendant if such term is required by statute, it only **partially limited** a Court's discretionary authority to impose the sentence. Congress did not alter the Court's separate authority to terminate a sentence of supervised release under 18 U.S.C. §3583(e)(1) if the conduct of the person and the <u>interest of justice warranted it</u>.

Seen as two separate chronological phases, the statute mandating a specific sentence of supervised release and the statute authorizing the termination of a prior imposed sentence are quite consistent. They are not in conflict, as "[n]either statute prohibits the other from working." <u>Gallenstein v. United States</u>, 975 F.2d 286 at 291 (ca. 1992); therefore, in the absence of clear Congressional expression to the contrary, a Court must give effect to both statutes. Even though the Court had to sentence the Petitioner to a mandatory term of supervised release, it still has the subsequent discretionary authority to terminate Petitioner's term of supervised release and discharge Petitioner from such. See <u>United States v. Spinelle</u>, CA 6, No; 93-2481, (12/7/94).

Recent analogous cases also support Petitioner's position. <u>Cozlon-Perez</u>, 498 U.S. 395 (1991), the Supreme Court stated that, "the reasonable

3

assumption is that when Congress adopted the ADAA and used the term 'supervised release', it knew of the full definition in the existing Sentence Reform Act and legislated with reference to it." If Congress had intended to exempt mandatory terms of supervised release from the District Court's terminating authority under §3583(e)(1), it could have done so explicitly when it amended §3583(a), but it did not change the District Court's authority.

## CONCLUSION

The Petitioner has shown that the Court has the jurisdiction and the authority to terminate Petitioner's term of supervised release at any time after sentencing. As such, Petitioner requests the Court terminate his term of supervised release due to the overburdened caseload of the United States Probation Office and in the interest of justice.

March 5, 2016.

Respectfully submitted,

David Jordan

CERTIFICATE OF SERVICE
It is hereby certified that a true
and correct copy of the foregoing was
served, via U.S. Mail, postage pre-paid,
on March 5, 2016, to:

U.S. Department of Justice
United States Attorney
700 East San Antonio Street
Suite 200
El Paso, TX 79901

March 4, 2016

David Jordan
15413-380
Federal Correctional Institution
P.O. Box 5000
Oakdale, LA  71463-5000

Office of the Clerk
United States District Court
Western District of Texas
511 East San Antonio Street, Room 219
El Paso, TX  79901

Re:  Case No. EP-12-cr-641-KC

Dear Sir or Ma'am:

   Enclosed please find the original and one copy of my Petition for Early Termination and/or Modification of Term of Supervised Release. Please file the original with the Court and return the copy to me, file-stamped, in the enclosed self-addressed, stamped envelope.

   Thank you for your time and assistance upon this matter.

                                          Respectfully,

                                          *[signature]*

                                          David Jordan

Enclosed:
1-   Original and one copy of Petition for Early Termination and/or Modification of Term of Supervised Release.
-and-
2-   One self-addressed, stamped envelope.